IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

        Plaintiff,

v.

TOM HERNANDEZ, CHEF SUE, CHEF HARRY,
CHEF KATHY, CHEF AMY, CHEF MIKE,
CHEF DAVE, CHEF CHRISTINE,
BARBARA ROBAKOWSKI, WISCONSIN RESOURCE
CENTER, and WINNEBAGO MENTAL HEALTH
INSTITUTE,

        Defendants.

OPINION & ORDER

15-cv-572-jdp

---

    Plaintiff James Grant is a state of Wisconsin prisoner currently housed at the Wisconsin Resource Center (WRC), which is located in Winnebago, Wisconsin. In a January 7, 2016, order, I addressed the allegations plaintiff raised in a series of ten new lawsuits. Dkt. 4. In particular, I noted that in this lawsuit and in case no. 15-cv-667-jdp, plaintiff brought claims that he was being food poisoned by WRC staff, and concluded that those cases could be brought together in one lawsuit.

    Plaintiff has not submitted a filing fee for this lawsuit, so I construe his complaint as including a request for leave to proceed *in forma pauperis*. However plaintiff has been sanctioned by this court for filing numerous frivolous filings—he is generally barred from bringing any new lawsuits in this court, although he is allowed to bring claims that he is in imminent danger of serious physical harm. *Id*.

    After considering his original complaint in this case, his complaint from the '667 case, and various other motions and documents he has filed, I conclude that his allegations of food poisoning could potentially meet the imminent danger standard. But his allegations are too

vague to support claims at this point, so I will dismiss his pleadings and give him a chance to submit an amended complaint that more clearly explains the basis for his claims. I will also direct him to pay an initial partial payment of the filing fee, and deny his motions for injunctive relief.

ANALYSIS

A. Screening plaintiff's claims

In screening plaintiff's claims, I must construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). However, I must dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

I consider both plaintiff's original complaint in this case, Dkt. 1, and his complaint docketed from the '667 case, Dkt. 5, to be the operative pleading. Plaintiff alleges that food services staff members at the Wisconsin Resource Center are food poisoning him. But as in plaintiff's other recent cases before the court, his allegations are very vague and they do not tie particular defendants' actions to the problems about which he is complaining.

In a document filed in both this case and a case regarding food poisoning at the Waupun Correctional Institution (15-cv-420-jdp), Dkt. 6, plaintiff alleges that prison staff members made harassing comments like "Enjoy your meal, Grant?"; "How do you feel?"; and "How was it?" that suggest that the staff members may have known that something was wrong with his meals. He also states that he often vomited after eating, *id.*, which bolsters his claims that his food had been tampered with. But he does not explain whether the named

2

defendants were the staff members making these comments, or otherwise explain when or how often he was food poisoned. Plaintiff has continued to send documents to the court in which he discusses his claims, as well as attaching documents, some of which relate to inmate grievances about the claims and others that seem to have no bearing on the case. I cannot consider all of these additional filings as part of the complaint, and even if I did, they do not set forth a coherent picture of how plaintiff believes defendants are violating his rights.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). I conclude that plaintiff's pleadings do not comply with Rule 8, so I will dismiss them. However, I will give plaintiff a chance to file an amended complaint in which he names as a defendant each state official he wishes to sue and sets out his claims against each of the defendants in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed each of those acts; and (4) what relief he wants the court to provide. In particular, he should explain why he thinks that each of the named defendants are involved in tampering with his food. If plaintiff fails to submit an amended complaint by the deadline set forth below, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

I also note that one of the problems plaguing plaintiff's filings is that his handwriting is sometimes very difficult to read. It is very important that plaintiff make his amended complaint as legible as possible so that this court and the defendants can understand what he is alleging.

B.  **Initial partial payment**

Even if plaintiff submits an amended complaint that successfully sets out his food poisoning claims, he will also have to fulfill his obligations as a plaintiff seeking *in forma pauperis* status by making an initial partial payment of the filing fee as required under 28 U.S.C. § 1915(b). The initial partial payment is calculated by using the method established in § 1915 by figuring 20 percent of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement.

Plaintiff did not submit a trust fund account statement with his complaint in this case, but did submit a statement in case no. 15-cv-444-jdp. Using that statement, I calculate his initial partial payment to be $1.84. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. The only amount plaintiff must pay at this time is this initial partial payment. Plaintiff should show a copy of this order to prison officials to ensure that they are aware that they should send plaintiff's initial partial payment to this court.

C.  **Remaining motions**

Plaintiff has filed a motion for an order directing defendant food service supervisor Robakowski to give him the names of food service personnel. Dkt. 2. It is too early in this lawsuit for plaintiff to be making discovery requests, which is reason enough to deny it.

4

Plaintiff's apparent inability to identify food service personnel calls into question how he knows who is violating his rights. But he does not need to know the names of each individual staff member at this point; if he plausibly explains how he knows that state officials are acting with deliberate indifference to his health, he will be able to pursue his claims. If plaintiff does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, etc., and the court has procedures by which he may make discovery requests to identify those defendants. But for now plaintiff must file an amended complaint explaining the events surrounding his food poisoning.

Plaintiff has also filed a motion stating that he will soon be released from custody at WRC and placed in extended supervision in the Madison area. Plaintiff states that he will have no public law library access, he would be arrested for trespassing if he attempted to use the University of Wisconsin Law Library, and he asks for a court order directing the Department of Corrections to provide plaintiff with a laptop, access to the Lexis legal database, printer, mobile phone, and cash for books, postage, and "basic needs and or necessities." Dkt. 3.

I will deny this motion. Plaintiff's premise that he has no public law library access is likely incorrect; he either is not aware of the State Law Library and Dane County Law Library, both located in downtown Madison, or he is aware that those libraries exist but fails to explain why he cannot use those facilities. In any event, plaintiff does not explain how state officials are keeping him from litigating this lawsuit, there is no reason to think that he is in appreciably worse position than any member of the public attempting to litigate a civil action on his or her own, and his requests are exceedingly unrealistic.

5

ORDER

IT IS ORDERED that:

1. Plaintiff James Grant's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until July 14, 2016, to file an amended complaint more fully explaining the basis for his claims that defendants food poisoned him. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case for plaintiff's failure to state a claim upon which relief may be granted.

2. Plaintiff is assessed $1.84 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in this amount on or before July 14, 2016. If plaintiff fails to make the initial partial payment by this deadline or show cause for his failure to do so, I will direct the clerk of court to close the case. Plaintiff is obligated to pay the remainder of the filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at plaintiff's institution of that institution's obligation to deduct payments until the filing fee has been paid in full.

3. Plaintiff's motion for an order directing food service supervisor Robakowski to give him the names of food service personnel, Dkt. 2, is DENIED.

4. Plaintiff's motion for an order directing the DOC to provide him with legal materials, Dkt. 3, is DENIED.

Entered June 23, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge