IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                Plaintiff,

  v.

TOM HERNANDEZ, CHEF SUE, CHEF HARRY,        OPINION & ORDER
CHEF KATHY, CHEF AMY, CHEF MIKE,
CHEF DAVE, CHEF CHRISTINE,                          15-cv-572-jdp
BARBARA ROBAKOWSKI, WISCONSIN RESOURCE
CENTER, and WINNEBAGO MENTAL HEALTH
INSTITUTE,

                Defendants.

---

Plaintiff James Edward Grant is a Madison resident. In this case, he brings claims that staff at the Wisconsin Resource Center (WRC) poisoned his food when he was incarcerated there. I previously screened Grant's consolidated allegations from this case and case no. 15-cv-667-jdp, and dismissed his combined complaint under Federal Rule of Civil Procedure 8 because his allegations were too vague to support a claim.[1] Dkt. 17. I gave Grant a chance to submit an amended complaint better explaining his claims. I also instructed him to submit $1.84 as an initial partial payment of the filing fee.

Grant has submitted his initial partial payment and an amended complaint. Dkt. 19. But his new allegations fare no better than his previous allegations, so I will dismiss the case.

Grant has a history of filing lawsuits containing vague allegations about being food poisoned. The court sanctioned Grant following two such cases:

---

[1] Grant is generally barred from filing cases in this court, *see Grant v. Gill*, No. 15-cv-420-jdp, 2016 WL 80676, at *5, 8-9 (W.D. Wis. Jan. 7, 2016), but I allowed this case to proceed to screening because at the time the complaint was filed, Grant's allegations potentially suggested that he was in imminent danger of serious physical harm.

> [P]laintiff alleges that he is constantly being poisoned while he is in segregation, but does not provide any explanation of what this means. He names many prison officials as defendants but provides no explanation of who is trying to poison him. These allegations are similar to his allegations in a previous case, 13-cv-668-bbc, in which I gave plaintiff a chance to submit more detailed allegations explaining his claims. He failed to do so, but instead has regularly filed documents having nothing to do with imminent danger claims that have gone undocketed because of the sanctions against him. At this point, plaintiff is well aware that extremely vague or conclusory allegations will not suffice to state a claim in this court, and all his filings have served to do is waste court resources. I see no reason to provide him another chance to amend his complaint to explain his situation. Therefore, I will dismiss this case. . . .
>
> Moreover, I will extend plaintiff's filing bar to include the type of complaint that plaintiff has recently filed. . . .

*Grant v. Maggle*, No. 14-cv-78-bbc, at *2-3 (W.D. Wis. Mar. 19, 2014). I allowed Grant to continue with this case because "[a]t least some of [Grant's] filings contain relatively more detail about the nature of the alleged efforts to poison him than his previous complaints that resulted in sanctions being extended . . . ." Dkt. 4, at 5. Nonetheless, I dismissed Grant's original complaint in this action because he did not explain what role any of the named defendants had in harming him.

Grant's amended complaint does not fix this problem. Grant has removed all of the individuals from the caption of his complaint and instead named Byran Bartow, the WRC director, as a defendant. But he does not explain what role Bartow had in the alleged food poisoning. He merely reiterates his previous allegations that unnamed staff members made harassing comments suggesting that they may have known that something was wrong with his meals, and that he often vomited after eating. But he does not explain which staff members made these comments or explain when or how often he was food poisoned. I previously instructed Grant that if he does not know the identity of specific individuals who

2

harmed him, he could identify them as "John Doe" defendants, *see* Dkt. 17, at 5, but he has not done so. His new allegations do not comply with Rule 8. Given Grant's history of bringing allegations of food poisoning too vague to support constitutional claims, I see no reason to allow him another chance to amend his complaint. I conclude that the case should be dismissed for Grant's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff James Edward Grant's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered: February 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge